CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 22 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT ETHAN MILLER,** Petitioner, | Civil Action No. 7:10-cv-00471 |
| v. | **MEMORANDUM OPINION** |
| **C. ZYCH,** Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

Robert Ethan Miller, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner complains of events that transpired during his criminal proceedings in the United States District Court for the Northern District of Georgia. This matter is before me for preliminary review. See R. Governing § 2254 Cases 1(b), 4. After reviewing petitioner's submissions, I dismiss the petition.

I.

Petitioner alleges in his petition that a jury convicted him by relying on perjury, in violation of the Fifth Amendment. A witness testified that petitioner tried to hire him to kill his son's mother, but petitioner argues that no evidence supported the witness' claim. Petitioner also argues that he is a "secured party creditor being held in custody of the [Federal Bureau of Prisons ("BOP")] as collateral and surety for the debt/sentence incurred by the [petitioner]."[1] (Pet. 4.)

II.

A.

A § 2241 petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas corpus in the district court with jurisdiction over the facility in which

---

[1] Petitioner drafted and filed various documents, including one titled, "Bonded Registered Drafts", that petitioner believes constitute bonds worth $100,000,000.00 and are payable toward any fine or restitution and require his release from incarceration.

he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). However, a petitioner seeking to vacate his sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted and sentenced. 28 U.S.C. § 2255. Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner acknowledges that he has filed at least one § 2255 motion in the district court that entered his judgment, and he appealed that dismissal to the Court of Appeals for the Eleventh Circuit without success. However, Petitioner fails to establish any of the In re Jones

2

elements.[2] The simple fact that petitioner must obtain authorization to file a successive § 2255 petition does not make § 2255 relief inadequate or unavailable. Therefore, he may not try to vacate his conviction via 28 U.S.C. § 2241. Petitioner is advised that he can file a § 2255 motion to vacate his sentence, but he must first request authorization from the appropriate Court of Appeals for leave to file a successive § 2255 motion.

To the extent petitioner attempts to invoke admiralty and commercial transaction laws to warrant his release, his arguments are meritless. Petitioner argues that his sentence is satisfied because various governmental agencies received petitioner's "Bonded Registered Drafts." In 1998, the District Court sentenced petitioner to a total of 350 months' incarceration. Petitioner has served less than half his sentence, and creating false bond documents do not warrant an early release.

### III.

For the foregoing reasons, I dismiss petitioner's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 22nd day of October, 2010.

Senior United States District Judge

---

[2] In fact, petitioner's claim about the witness' testimony was already considered by the § 2255 court when it determined that he untimely filed his § 2255 motion. United States v. Miller, No. 1:97-cr-496, slip op. at 2-8 (N.D. Ga. Aug. 25, 2008).

3